UNITED STATES *v.* ELLIOT, GREENE & CO., EITINGER BEAD CO., HOLLANDER BEAD & NOVELTY CO. (No. 4266)[1]

[1] C. A. D. 141.

United States Court of Customs and Patent Appeals, July 1, 1940

*Webster J. Oliver*, Assistant Attorney General (*Richard F. Weeks*, special attorney, and *James F. Donnelly*, junior attorney, of counsel), for the· United States.

No appearance for appellee.

[Oral argument April 1, 1940, by Mr. Weeks]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

This is an appeal in a reappraisement case from a judgment of the Second Division of the United States Customs Court, sitting in appellate term, affirming the judgment of the trial court holding the dutiable values of the involved merchandise on the date of exportation thereof to be the value returned by the appraiser.

The merchandise consists of imitation precious stones, invoiced as "roses montees" and "chaton roses," imported from Austria during November and December 1935.

The local appraiser of merchandise found the dutiable values on the basis of alleged export values of the goods to be the same as those at which the merchandise was invoiced and entered. The Collector of Customs appealed from the said appraisements, pursuant to the provisions of section 501 of the Tariff Act of 1930.

Four reappraisements are involved and they were consolidated for trial.

At the trial before a single judge sitting in reappraisement the dutiable values claimed by the Government were higher than those found by the appraiser and were based upon alleged foreign value of the merchandise. The Government offered in evidence two documents, as reports of the Treasury representative in Vienna, Austria. They were received as Exhibits 1 and 2, respectively, over objections raised only as to the relevancy of their contents. In addition to the said reports, an examiner of merchandise testified for the Government and one witness testified for appellees.

After a full consideration of the record as made, the trial judge reappraised the merchandise, and judgment was duly entered affirming the appraised values of certain of the involved items, and advancing the values of other items to the values claimed by the Government.

The Government, being dissatisfied with that part of the judgment of the trial court which affirmed the appraised values, appealed to the appellate division of the court. No cross-appeal was filed by appellees.

The appellate division noted that Exhibit 1 was a photostatic copy of a report, and Exhibit 2 was a carbon copy of another report which purported to bear the signature of the Treasury representative. For the reason that neither of the exhibits had been certified in accordance with section 501 of the Tariff Act of 1930 and T. D. 40515, the appellate division held that the admission of the reports by the trial court was error and excluded them from the record. The appellate division then rendered judgment reversing that of the trial court and remanded the case to the single judge for the purpose of deciding the same on the record as made with the two reports excluded. In its opinion the appellate division stated:

Since the trial court based its decision to a great extent on the said reports, and since it has not considered this case on the record with these reports excluded, we hereby remand this case to the trial court for the purpose of deciding the same on the record as made with the report of November 18, 1935, and the report of January 16, 1936, excluded.

Section 501 of the said tariff act provides, among other things, as follows:

* * * In finding such value affidavits and depositions of persons whose attendance can not reasonably be had, price lists and catalogues, reports or depositions of consuls, customs agents, collectors, appraisers, assistant appraisers, examiners, and other officers of the Government may be admitted in evidence. Copies of official documents, when certified by an official duly authorized by the Secretary of the Treasury, may be admitted in evidence with the same force and effect as original documents. * * *

T. D. 40515 reads as follows:

In accordance with this authority I have designated the Customs Information Exchange as one of the instrumentalities for dissemination of information for the purposes recited in the statute, and in this connection, on October 24, 1922, I authorized Mr. Frank Dow, then the customs agent in charge of the exchange, to certify to copies of official documents under the provisions of section 501, above. (See T. D. 39305, November 10, 1922.) Since that date Agent Dow has been succeeded as agent in charge of the Customs Information Exchange by Mr. Frederick S. Freed, and the authority granted to Agent Dow in my letter of October 24, 1922, was intended to extend, and is hereby ratified and confirmed to extend, to Mr. Dow's successors, and, in the absence of the agent in charge of the Customs Information Exchange the agent acting in charge is authorized to certify copies of official documents in accordance with the provisions of section 501. * * *

The Assistant Attorney General filed with the appellate division a motion for rehearing and reargument of the appeal, based upon the following affidavits:

Charles B. Webb, being duly sworn, deposes and says:

I am the person designated by the Secretary of the Treasury under T. D. 39726 to certify reports of Treasury representatives and attaches, after comparison with the original report on file with the Customs Information Exchange.

I have examined Exhibits 1 and 2 in Reappraisement 112338–A, which are, respectively, a photostat of report 526/136, dated November 18, 1935, signed by Wilson C. Beers, Treasury representative of the Vienna office, and Exhibits A and B, annexed thereto, and report 526/234, dated January 16, 1936, which is a duplicate original signed by Wilson C. Beers, the same Treasury representative above named.

I have compared Exhibits 1 and 2 with the respective original reports on file in the office of the Customs Information Exchange, and Exhibits 1 and 2 are true and correct copies of the said respective originals.

Richard F. Weeks, being duly sworn, deposes and says:

That he is the Special Attorney in charge of the above-entitled case, and makes this affidavit pursuant to Rule 9 (1) of the Rules of this Court.

That the grounds of this motion for a rehearing and reargument herein consist entirely of matters shown by the record and matters of which the court may take judicial notice. The questions of law and the considerations addressed to the conscience of the Court appear in the memorandum attached to the motion papers.

The appellate division denied the motion without an opinion.

When the case again appeared before the trial judge, upon remand, a motion was made by the Assistant Attorney General to reopen the case for the purpose of permitting the Government to have Exhibits 1 and 2 certified and offered in evidence. The trial court denied the motion for the stated reason that "the judgment of the appellate court is mandatory, and does not permit the lower court to reopen the case for any purpose, but to decide it on 'the record as made' with the reports excluded, * * *."

The trial court thereupon in its opinion considered the record in accordance with the mandate and adjudged the dutiable value of the merchandise, on the dates of exportation thereof, to be the values found by the appraiser. The judgment was based on the finding that the Government had not sustained its contention that the appraised values were erroneous.

The Government again appealed from the judgment of the trial court and among other assignments of error alleged that the trial court erred in denying the motion to reopen the case as aforesaid. The appellate division affirmed the judgment appealed from but did not pass upon the alleged error of the trial court in refusing to reopen the case. From the second judgment of the appellate division, appeal was taken to this court. There is no appearance of counsel here for appellees nor has any brief been filed on their behalf.

A question was raised during the oral argument here as to whether the first judgment of the appellate division became a final judgment because no appeal was taken therefrom to this court. It is necessary to dispose of this question at the outset. If the first judgment of the appellate division was appealable to this court it will not be necessary to discuss the issue as to whether the appellate division erred in

excluding the aforesaid exhibits when neither of the parties at the trial or upon review question their competency, and when no assignment of error relating to their admissibility was before the appellate division.

The pertinent portion of the statute relating to appeals from the single judge to the appellate division and to this court in reappraisement proceedings is set out in section 501 of the Tariff Act of 1930 as follows: .

* * * Every such application shall be assigned by the court to a division of three judges, who shall consider the case upon the samples of the merchandise, if there be any, and the record made before the single judge, and, after hearing argument on the part of any of the interested parties requesting to be heard, shall affirm, reverse, or modify the decision of the single judge or remand the case to the single judge for further proceedings, and shall state its action in a written decision, to be forwarded to the collector, setting forth the facts upon which the finding is based and the reasons therefor. The decision of the United States Customs Court shall be final and conclusive upon all parties unless an appeal shall be taken by either party to the Court of Customs and Patent Appeals upon a question or questions of law only within the time and in the manner provided by section 198 of the Judicial Code, as amended.

From the statement of the case, as herein set out, there can be no question but that the appellate division in its first decision acted within its statutory authority. It reversed the judgment appealed from and remanded the case to the trial court, "for the purpose of deciding the same on the record as made with the report of November 18, 1935, and the report of January 16, 1936, excluded." It may have erred in the reasons for its decision, but that is not the question presented by this issue.

In its judgment the appellate division settled, as far as it was concerned, the law of the case, which was that the said reports could not, under the circumstances shown, be considered in arriving at the dutiable value of the merchandise. No appeal was taken from the judgment and under the express provision of section 501, *supra*, the judgment became "final and conclusive" upon the parties. There can be no question but that Congress may provide for appeals, even from interlocutory judgments; and when Congress declared, in section 501, *supra*, that:

* * * The decision of the United States Customs Court shall be final and conclusive upon all parties unless an appeal shall be taken by either party to the Court of Customs and Patent Appeals upon a question or questions of law only within the time and in the manner provided by section 198 of the Judicial Code, as amended.

it intended, in our opinion, to permit an appeal from a judgment such as the first one herein.

It is too late now for the Government to contend that it has not had its day in court. It has had as fair an opportunity as any litigant in any court to pursue its remedy as defined by law. This it failed to do, and the reason for its failure cannot be considered here.

We cannot agree with the appellant that had an appeal been taken from the first judgment of the appellate division it would have resulted in piecemeal litigation. The very question that appellant seeks to have reviewed now would have been reviewed then. This court would have held that the reports were or were not properly in evidence, and if it had held that the appellate division was in error in excluding the reports it would have remanded the case to the appellate division for further consideration.

We have carefully examined the briefs herein, but find it unnecessary to discuss other contentions or the cases cited therein for the reason that under the provisions of section 501, *supra*, the law of the case as made in the first decision of the appellate division, in the absence of appeal therefrom, became final and conclusive upon the Government, and an appeal from the subsequent judgment of the appellate division cannot be used to raise any alleged errors in the former judgment.

The judgment of the United States Customs Court is *affirmed*.